IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO SANCHEZ<br>*Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 7:23-cv-00204 |
| MERIDIAN SECURITY INSURANCE COMPANY, AN AFFILIATE OF STATE AUTO PROPERTY & CASUALTY INS. CO.<br>*Defendant.* | § | |

**DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S FIRST AMENDED ORIGINAL ANSWER & DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Meridian Security Insurance Company, incorrectly named as "Meridian Security Insurance Company, An Affiliate of State Auto Property & Casualty Ins. Co.," ("**Meridian**" or "**Defendant**") files this First Amended Original Answer & Defenses to Plaintiff Armando Sanchez's ("**Plaintiff**") Original Petition, and would respectfully show as follows:

## A. MERIDIAN'S FIRST AMENDED ANSWER

Meridian makes the following admissions and denials to Plaintiff's claims as asserted in his Original Petition (Doc. No. 1-1) as authorized by Federal Rule of Civil Procedure 8(b):

### I. DISCOVERY CONTROL PLAN

1. Paragraph 1 of Plaintiff's Original Petition addresses the discovery control plan level for this case under the Texas Rules of Civil Procedure and does not require a response from Meridian. To the extent a response is required, Meridian denies that discovery in this case should be conducted under the Texas Rules of Civil Procedure. Meridian admits that the Federal Rules of Civil Procedure and this Court's Scheduling Order (Doc. No. 11) govern discovery in this case.

DEFENDANT'S EXHIBIT A

## II. CLAIM FOR RELIEF

2. Paragraph 2 of Plaintiffs' Original Petition is statement pursuant to Texas Rule of Civil Procedure 47 concerning the Texas state court's jurisdiction over this lawsuit and the amount and type of relief Plaintiff seeks in this lawsuit, and does not require a response from Meridian. To the extent a response is required, Meridian admits that the United States District Court for the Southern District of Texas, McAllen Division, has jurisdiction over this case. Meridian denies that Plaintiff is entitled to the relief sought in Paragraph 2 of Plaintiffs' Original Petition.

## III. PARTIES

3. Upon information and belief, Meridian admits that Plaintiff is an individual residing in Hidalgo County, Texas.

4. Meridian admits it is authorized to carry out, and does engage in, the business of insurance in the State of Texas. Meridian admits that it is a corporation organized under the laws of the State of Indiana and maintains its principal place of business in the State of Indiana. Meridian admits that it has been served and has appeared in this lawsuit. Meridian denies the remaining allegations in paragraph 4 of Plaintiff's Original Petition.

## IV. JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Original Petition addresses the propriety of venue in Hidalgo County, Texas and a Texas state court's jurisdiction over this lawsuit, and does not require a response from Meridian. To the extent a response is required, Meridian admits that the property that is the subject of this lawsuit is located in Hidalgo County, Texas and the United States District Court for the Southern District of Texas, McAllen Division has jurisdiction over this lawsuit.

## V. CONDITIONS PRECEDENT

6. Meridian denies the allegations in paragraph 6 of Plaintiff's Original Petition.

## VI. AGENCY AND RESPONDEAT SUPERIOR

7. This paragraph contains a summary of the purported legal elements of liability under a theory of respondent superior that does not require a response. To the extent a response from Defendant is required, Defendant denies the allegations in paragraph 7 of Plaintiff's Original Petition.

## VII. FACTS

8. Meridian admits that it issued a Homeowner Policy bearing policy number 1000777021 to Plaintiff and non-party Isabel Sanchez, which insured the residential property located at 2434 Leslie St., Edinburg, Texas 78539 ("**Property**") for the policy period March 19, 2021 to March 19, 2022 ("**Policy**"), subject to the Policy's terms, limitations and exclusions set forth therein. Meridian denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Original Petition.

9. Upon information and belief, Meridian admits the facts asserted in Paragraph 9 of Plaintiff's Original Petition.

10. Meridian admits that it or its authorized agent sold the Policy to Plaintiff.

11. Meridian admits that Plaintiff reported an insurance claim under the Policy for alleged storm damage to the Property that occurred on or about May 19, 2021, to which Meridian assigned claim number PR-000000-391013 ("**Claim**"). Meridian admits that Plaintiff sought for Meridian to pay the costs to repair the damage claimed at the Property. Meridian denies the remaining allegations in paragraph 11 of Plaintiff's Original Petition.

12. Meridian denies the allegations in paragraph 12 of Plaintiff's Original Petition.

13. Meridian admits that it assigned a claims representative to investigate and adjust the Claim in accordance with the laws of the State of Texas and the terms, conditions, limitations,

and exclusions of the Policy. Meridian admits that an inspector from LadderNow inspected the Property on or about October 4, 2021 on behalf of Meridian and as part of Meridian's investigation and adjustment of the Claim. Meridian admits that it prepared a repair cost estimate for covered damages to Plaintiff's Property in connection with the Claim. Meridian denies the remaining allegations in paragraph 13 of Plaintiff's Original Petition.

14. Meridian asserts that the communication between Meridian and Plaintiff referred to and quoted in paragraph 14 of Plaintiff's Original Petition speaks for itself. Meridian denies the remaining allegations in paragraph 14 of Plaintiff's Original Petition.

15. Meridian admits that Moody Engineering, Inc. inspected and investigated Plaintiff's Property on or about February 16, 2022 on behalf of Meridian and as part of Meridian's investigation and adjustment of the Claim. Meridian denies the remaining allegations in paragraph 15 of Plaintiff's Original Petition.

16. Meridian asserts that the communications between Meridian and Plaintiff referred to and quoted in paragraph 16 of Plaintiff's Original Petition speak for themselves. Meridian denies the remaining allegations in paragraph 16 of Plaintiff's Original Petition.

17. Meridian denies the allegations in paragraph 17 of Plaintiff's Original Petition.

18. Paragraph 18 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 18 of Plaintiff's Original Petition. Meridian asserts that the Policy speaks for itself.

19. Paragraph 19 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies

the allegations in paragraph 19 of Plaintiff's Original Petition. Meridian asserts that the Policy and Texas Insurance Code § 541.060(a)(1) speak for themselves.

20. Paragraph 20 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 20 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.060(a)(2)(A) speaks for itself.

21. Paragraph 21 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 21 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.060(a)(3) speaks for itself.

22. Paragraph 22 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 22 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.055 speaks for itself.

23. Paragraph 23 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 23 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.056 speaks for itself.

24. Paragraph 24 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 24 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.058 speaks for itself.

25. Paragraph 25 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 25 of Plaintiff's Original Petition.

26. Paragraph 26 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 26 of Plaintiff's Original Petition.

27. Meridian admits that Plaintiff has retained the Perry Dominguez Law Firm for representation with respect to the causes of action asserted in this lawsuit. Meridian denies that Plaintiff was forced to retain counsel. Meridian denies the remaining allegations in Paragraph 27 of Plaintiff's Original Petition.

## VIII. CAUSES OF ACTION AGAINST MERIDIAN

### A. Breach of Contact

28. Paragraph 28 of Plaintiff's Original Petition incorporates by reference the facts and allegations in the earlier paragraphs therein and does not require a response from Meridian. To the extent a response is required, Meridian incorporates by reference herein its corresponding admissions and denials in the foregoing paragraphs of this First Amended Original Answer.

29. Meridian denies the allegations in paragraph 29 of Plaintiff's Original Petition.

30. Paragraph 30 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 30 of Plaintiff's Original Petition. Meridian asserts that the Policy speaks for itself.

31. Meridian denies the allegations in paragraph 31 of Plaintiff's Original Petition. Paragraph 31 of Plaintiff's Original Petition states several legal conclusions and does not require

a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 31 of Plaintiff's Original Petition.

32. Paragraph 32 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 32 of Plaintiff's Original Petition.

**B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1. Unfair Settlement Practices**

33. Paragraph 33 of Plaintiff's Original Petition incorporates by reference the facts and allegations in the earlier paragraphs therein and does not require a response from Meridian. To the extent a response is required, Meridian incorporates by reference herein its corresponding admissions and denials in the foregoing paragraphs of this First Amended Original Answer.

34. Paragraph 34 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 34 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code §§ 541.060(a), 541.151 speak for themselves.

35. Paragraph 35 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 35 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.060(a)(1) speaks for itself.

36. Paragraph 36 of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 36 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.060(a)(2)(A) speaks for itself.

37. Paragraph 37 of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 37 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.060(a)(7) speaks for itself.

38. Paragraph 38 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 38 of Plaintiff's Original Petition, including subsections (a)–(e). Meridian asserts that Texas Insurance Code § 541, including §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7), speak for themselves.

39. Paragraph 39 of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegation in paragraph 39 of Plaintiff's Original Petition.

40. Meridian denies the allegation in paragraph 40 of Plaintiff's Original Petition.

**2. The Prompt Payment of Claims**

41. Paragraph 41 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. Meridian otherwise denies the allegations in paragraph 41 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.060 speaks for itself.

42. Paragraph 42 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 42 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.055 speaks for itself.

43. Paragraph 43 of Plaintiff's Original Petition states a legal conclusion and does not

require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 43 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.056 speaks for itself.

44. Paragraph 44 of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 44 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.058 speaks for itself.

**3. Breach of the Duty of Good Faith and Fair Dealing**

45. Paragraph 45 of Plaintiff's Original Petition incorporates by reference the facts and allegations in the earlier paragraphs therein and does not require a response from Meridian. To the extent a response is required, Meridian incorporates by reference herein its corresponding admissions and denials in the foregoing paragraphs of this First Amended Original Answer.

46. Paragraph 46 of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 46 of Plaintiff's Original Petition. Meridian asserts that the Policy speaks for itself.

47. Paragraph 47 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 47 of Plaintiff's Original Petition.

48. Paragraph 48 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 48 of Plaintiff's Original Petition.

49. Paragraph 49 of Plaintiff's Original Petition states several legal conclusions and

does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 49 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code §§ 541.002, 541.060, 541.061, and 541.003 speak for themselves.

50. Paragraph 50 of Plaintiff's Original Petition states several legal conclusions and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegations in paragraph 50 of Plaintiff's Original Petition.

## IX. IN THE ALTERNATIVE

51. Paragraph 51, including subparagraphs (a)–(d), of Plaintiff's Original Petition states a legal conclusion and does not require a response from Meridian. To the extent a response is required, Meridian denies the allegation in paragraph 51 of Plaintiff's Original Petition, including subsections (a)–(d). Meridian asserts that the Policy and Texas Insurance Code § 541 *et seq.* speak for themselves.

52. Paragraph 52 of Plaintiff's Original Petition is a duplicate and does not require a response from Meridian. To the extent a response is required, Meridian incorporates by reference herein its corresponding denials and response as set forth in paragraph 51 of this First Amended Original Answer.

53. Paragraph 53 of Plaintiff's Original Petition is a request for Plaintiff to amend his Original Petition if necessary to conform with state or federal pleading standards and does not require a response from Meridian.

54. Paragraph 54 of Plaintiff's Original Petition is a request for Plaintiff to amend his Original Petition if necessary to conform with state or federal pleading standards and does not require a response from Meridian. Meridian asserts that the case law and statutes cited speak for themselves.

## X. WAIVER AND ESTOPPEL

55. Meridian denies the allegations in paragraph 55 of Plaintiff's Original Petition.

## XI. DAMAGES

56. Meridian denies the allegations in paragraph 56 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 56 of Plaintiff's Original Petition.

57. Meridian denies the allegations in paragraph 57 of Plaintiff's Original Petition.

58. Meridian denies the allegations in paragraph 58 of Plaintiff's Original Petition.

59. Meridian denies the allegations in paragraph 59 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 59 of Plaintiff's Original Petition. Meridian asserts that Texas Civil Practice & Remedies Code § 38.003 speaks for itself.

60. Meridian denies the allegations in paragraph 60 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 60 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 541.152 speaks for itself.

61. Meridian denies the allegations in paragraph 61 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 61 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542.060 speaks for itself.

62. Meridian denies the allegations in paragraph 62 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 62 of Plaintiff's Original Petition.

63. Meridian admits that Plaintiff has retained the Perry Dominguez Law Firm for legal representation. Meridian denies that Plaintiff was forced to retain counsel. Meridian denies the

remaining allegations in paragraph 63 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 63 of Plaintiff's Original Petition.

64. Meridian admits that the damages sought in this lawsuit are within the Court's jurisdictional limits. Meridian denies the remaining allegations in paragraph 64 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 64 of Plaintiff's Original Petition. Meridian asserts that Texas Insurance Code § 542 speaks for itself.

## XII. ATTORNEYS' FEES

65. Meridian admits that Plaintiff has retained the Perry Dominguez Law Firm to prosecute this action. Meridian denies that Plaintiff was forced to retain counsel. Meridian denies the remaining allegations in paragraph 65 of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled the relief sought in paragraph 65 of Plaintiff's Original Petition.

## XIII. DEMAND FOR JURY

66. Paragraph 66 of Plaintiff's Original Petition is Plaintiff's demand for a jury trial and does not require a response from Meridian.

## XIV. PRAYER

67. Meridian admits that it has been served and has appeared in this lawsuit. Meridian denies the remaining allegations in Section XIV - Prayer of Plaintiff's Original Petition. Meridian further denies that Plaintiff is entitled to the relief, including the non-monetary relief of a declaratory judgment against Meridian, sought in Section XIV. Prayer of Plaintiff's Original Petition.

## B. MERIDIAN'S DEFENSES

68. In addition to the foregoing specific denials, Meridian asserts, without limitation,

the following defenses:

**First Defense**
**Policy Provisions**

69. Plaintiff cannot recover, in whole or in part, on his breach of contract claim against Meridian, and consequently on any of the other causes of action alleged against Meridian in his Original Petition, because the Policy issued by Meridian to Plaintiff and non-party Isabel Sanchez contains exclusions and provisions negating coverage, in whole or in part, for the damages alleged by Plaintiff. Meridian's contractual obligations are determined by the terms, conditions, limitations, and exclusions contained in the Policy and Meridian relies on such terms, conditions, limitations, and exclusions in defense of the claims asserted in Plaintiff's Original Petition and any amendments or supplements thereto, including without limitation:

**New Declaration**
**Homeowners Policy**
**Issue Date: 02/03/2021**

| **Named Insured Armando Sanchez Isabel Sanchez** | **Policy Number** | **Policy Period** | **Coverage is provided by the following Company** |
|---|---|---|---|
| * * * | *100077021* | *03/19/21 – 03/19/22* | *Meridian Security* |

*Policy Period begins 12:01am standard time at the residence premises.*

***Insured Location***
2434 Leslie St
Edinburg, TX 78539

***Your Coverages***

| Section I Property Coverage | Limit |
|---|---|
| A. Dwelling | $242,600 |
| B. Other Structures | $24,760 |
| C. Personal Property | $123,800 |
| D. Loss of Use | $74,280 |

***

***Your Deductibles***

| **Deductibles** | **Amount** |
|---|---|
| *Windstorm or Hail (2% of Dwelling Coverage)* | *$2,476* |

* * *

***Your Policy Information***
*Policy Type: HO3*

* * *

*[Intentionally blank]*

**HOMEOWNERS 3 – SPECIAL FORM**

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us", and "our" refer to the Company providing this insurance.

*** * ***

**SECTION I – PROPERTY COVERAGES**

**A. Coverage A – Dwelling**

1. We cover:
    a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
    b. Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises."

* * *

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling and Coverage B- Other Structures**

1. We insure against direct physical loss to property described in Coverages **A** and **B.**
2. We do not insure, however, for loss:
    a. Excluded under Section I – Exclusions;
    * * *
    c. Caused by:
    * * *
    (5) Mold, fungus or wet rot. However, we do insure for loss caused by mold, fungus or wet rot that is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure if such loss results from the accidental discharge or overflow of water or steam from within:
    * * *
    (b) a storm drain, or water, steam or sewer pipes, off the "residence premises".
    (6) Any of the following:
    (a) Wear and tear, marring, deterioration;
    (b) Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;
    (c) [modified by endorsement]
    * * *

(f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

* * *

**SECTION I – EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

**1. Ordinance Or Law**

Ordinance Or Law means any ordinance or law:

**a.** Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion **A.1.a** does not apply to the amount of coverage that may be provided for in **E.11.** Ordinance Or Law under Section **I** – Property Coverages;

*** * ***

This Exclusion **A.1**. applies whether or not the property has been physically damaged.

* * *

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

1. Weather Conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in **A.** above to produce the loss.
2. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.
3. Faulty, inadequate or defective:
   a. Planning, zoning, development, surveying, siting;
   b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
   c. Materials used in repair, construction, renovation or remodeling; or
   d. Maintenance;

   of part or all of any property whether on or off the "residence premises."

**SECTION I – CONDITIONS**

**C. Duties After Loss**

[modified by endorsement]

* * *

**D. Loss Settlement**

In this condition **D.,** the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in **E.11.** Ordinance Or Law under Section **I** – Property Coverages. Covered property losses are settled as follows:

* * *

**2.** Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:

**a.** If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:

(1) The limit of liability under this policy that applies to the building;

(2) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or

(3) The necessary amount actually spent to repair or replace the damaged building.

**b.** If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:

(1) The actual cash value of that part of the building damaged; or

(2) That proportion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

* * *

**d.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2.a and b. above.**

However, if the cost to repair or replace the damage is both:

(3) Less than 5% of the amount of insurance in this policy on the building; and

(4) Less than $2,500;

we will settle the loss as noted in **2.a** and **b.** above whether or not actual repair or replacement is complete.

*** * ***

**H. Suit Against Us**

[modified by endorsement]

* * *

**J. Loss Payment**

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

1. Reach an agreement with you;
2. There is an entry of a final judgment; or
3. There is a filing of an appraisal award with us.

* * *

**Q. Policy Period**

This policy applies only to loss which occurs during the policy period.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**DUTIES AFTER LOSS AMENDATORY ENDORSEMENT**
**Forms HO003. . . .**

**SECTION I – CONDITIONS**
Item **1.a.** of Provision **C. Duties After Loss**
is replaced as follows:

a. Give prompt notice to us or our agent. With respect to a loss caused by the peril of windstorm or hail, that claim must be filed no later than 365 days after the date of loss. However, any such claim may be filed after the first anniversary of the date of the loss for good cause shown by the person filing the claim.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**SPECIAL PROVISIONS – TEXAS**

*** * ***

Paragraph **C. Duties After Loss** is replaced by the following:

* * *

For Form HO0003:

* * *

Paragraph A.2.c.(6)(c) is replaced by the following:

(c) Smog, rust or other corrosion, wet rot or dry rot;

*** * ***

**C. Duties After Loss**

**1. Your Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage or a representative of either:

**a.** Give prompt notice to us or our agent. With respect to loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of loss that is the subject of the claim. However, any such claim may be filed after the first anniversary of the date of the loss for good cause shown by the person filing the claim;

*** * ***

**d.** Protect the property from further damage. If repairs to the property are required, you must:

(1) Make reasonable and necessary repairs to protect the property; and
(2) Keep an accurate record of repair expenses.

**e.** Cooperate with us in the investigation of a claim.

* * *

Paragraph **H. Suit Against** Us is replaced by the following:

**H. Suit Against Us**

1. Except as provided in Paragraph **2.,** no suit or action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this policy. Action must be brought against us within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

* * *

In all forms except HO 00 04, Paragraph L. Mortgage Clause is replaced by the following:

**L. Mortgage Clause (Without Contribution)**

1. We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the Declarations as interests appear.

* * *

70. The assertion of any specific provision of the Policy in this Answer is not intended as a waiver or abandonment of other applicable provisions of the Policy. The Policy in its entirety is asserted and incorporated herein by reference.

**Second Defense**
**No Breach of Policy**

71. Meridian properly investigated, adjusted, and evaluated Plaintiff's Claim. There has been no breach of the Policy, thereby precluding recovery of damages pursuant to any contractual and extra-contractual theory of liability, including violations of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing.

**Third Defense**
**Failure of Conditions Precedent**

72. Plaintiff has failed to comply with one or more provisions of the Policy that serve as conditions precedent to recovery and, therefore, Plaintiff is precluded from bringing suit against Meridian to enforce the Policy. The Policy expressly states:

**H. Suit Against Us**

1. Except as provided in Paragraph **2.,** no suit or action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this policy. Action must be brought against us within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

73. Specifically, Plaintiffs have failed to:

**a.** Give prompt notice to us or our agent. . . .
*** * ***
**d.** Protect the property from further damage. If repairs to the property are required, you must:

(1) Make reasonable and necessary repairs to protect the property; and
(2) Keep an accurate record of repair expenses.

**e.** Cooperate with us in the investigation of a claim.

**f.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory.

74. Accordingly, because Plaintiff has not met all conditions precedent to filing this lawsuit, Plaintiff is contractually precluded from bring suit against and recovering from Meridian.

**Fourth Defense**
**<u>Lack of Coverage Precludes Extra-Contractual Liability</u>**

75. The existence of coverage for an insurance claim is necessary to establish the basis of claims for violations of the Texas Insurance Code and the duty of good faith and fair dealing. Because Plaintiff's allegations are generally based upon Meridian's alleged failure to timely pay policy benefits, the absence of coverage for the allegedly unpaid amounts of the underlying insurance Claim precludes the extra-contractual claims against Meridian as a matter of law.

**Fifth Defense**
**<u>Deductible</u>**

76. To the extent any damage to the Property is determined by the factfinder to be the result of a covered cause of loss under the Policy and not otherwise excluded by the Policy's provisions, Plaintiff's recovery is subject to a $2,476 Windstorm or Hail deductible, as shown in the Declarations of the Policy. *See* Homeowner Policy, Declarations, Page 1. Thus, Plaintiffs' recovery against Meridian, if any, in this case must be reduced by the amount of the applicable Policy deductible. *See* Homeowner Policy, Section I — Conditions, Page 13, Paragraph B.

**Sixth Defense**
**Limits of Liability**

77. Any recovery by Plaintiff is subject to the Policy's applicable limits. *See* Homeowner Policy, Section I — Conditions, Page 13, Paragraph A. Additionally, Plaintiff may not recover more than his financial interest in the Property. *Id.*

**Seventh Defense**
**Loss Settlement Provisions**

78. Meridian relies on the loss settlement provisions set forth in the Policy limiting loss payments to actual cash value except as set forth in the Policy. *See* Homeowner Policy, Section I — Conditions, Page 14, Paragraph D.

**Eighth Defense**
**Bona Fide Dispute**

79. Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to the Claim and this lawsuit, Meridian's liability was not "reasonably clear." In other words, nothing more than a bona fide coverage dispute exists between the parties, which does not permit Plaintiffs to recover extra-contractual damages in this case.

**Ninth Defense**
**Failure to Mitigate**

80. Plaintiff is barred from any recovery from Meridian, in whole or in part, because Plaintiff and/or his authorized agents and representatives failed to take reasonable actions to mitigate the damages claimed. This includes, but is not limited to, Plaintiff's failure to properly maintain the Property.

**Tenth Defense**
**Proportionate Responsibility & Contribution**

81. Meridian has denied and continues to deny the allegations raised by Plaintiff in this lawsuit. However, to the extent that Meridian is found liable to Plaintiff for damages, Meridian asserts that Plaintiff is proportionately responsible for such damages, and that Plaintiff is barred from recovering such damages pursuant to Texas Civil Practice & Remedies Code §§ 33.001–.002.

82. Additionally, Meridian asserts that Plaintiff's recovery, if any, must be limited or reduced pursuant to Texas Civil Practice & Remedies Code § 33.012. Meridian further asserts that the amount of its liability, if any, is limited by Texas Civil Practice & Remedies Code § 33.013.

**Eleventh Defense**
**Failure to Segregate Damages**

83. Meridian asserts that Plaintiff has failed to segregate damages caused by covered damage to the Property under the Policy, from causes of loss to the Property not covered under the Policy, for which Plaintiff made claim for damage to Meridian in the underlying insurance Claim and this case.

**Twelfth Defense**
**Tolling of Texas Insurance Code § 542.060 Penalties**

84. Plaintiff's live pleading seeks recovery of statutory penalties under Chapter 542 of the Texas Insurance Code, which regulates the prompt payment of claims and provides a per annum penalty of five percent plus the interest rate determined under Section 304.003 of the Texas Finance Code for proved violations in cases arising under Chapter 542A of the Texas Insurance Code. Meridian denies liability under Chapters 542 and 542A of the Texas Insurance Code; however, if upon final hearing and trial, the fact finder determines that there have been violations of one or both of these statutes, then Meridian urges the Court to determine that all penalties during

any delays attributable to Plaintiff or Plaintiff's agents, representatives, or attorneys should be tolled.

**Thirteenth Defense**
**Failure to Comply with Pre-Suit Notice Requirements of Texas Insurance Code § 542A.003**

85. Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged wind and/or hail damage. Plaintiff failed to give proper notice under Texas Insurance Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees. Specifically, Texas Insurance Code § 542A.003 requires that Plaintiff provide written notice to Meridian not later than the 61st day before the date Plaintiff files an action to which Chapter 542A applies, and the notice must include:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

86. Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

(1) provide a copy of the notice to the claimant; and

(2) include in the notice a statement that a copy of the notice was provided to the claimant.

87. In a letter dated December 21, 2021, Plaintiff's counsel sent a demand letter to "State Auto Insurance Companies" in which Plaintiff demanded $54,566.09 "less and applicable deductible" in "actual damage to the property" and $1,750 in "attorneys' fees." Plaintiff's demand

does not provide presuit notice as required by Texas Insurance Code § 542A.003 because it failed to state the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property. In addition, the December 21, 2021 letter contains only conclusory and boilerplate allegations without any specific connection to the facts of the subject claim such that it fails to put Meridian on fair notice of the "statement of the acts or omissions giving rise to the claim." Accordingly, pursuant to Texas Insurance Code § 542A.007(d), the Court may not award Plaintiff any attorneys' fees incurred after June 23, 2023, the date Meridian first asserted this defense in its Original Answer.

**Fourteenth Defense**
**Excessive Demand**

88. In the alternative, to the extent the demand letter is deemed timely and otherwise in compliance with the presuit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiff.

**Fifteenth Defense**
**Statutory Limitations for Punitive Damages**

89. To the extent that Plaintiff seeks recovery for exemplary damages, Chapter 41 of the Texas Civil Practice & Remedies Code limits any award of such damages to the greater of:

(1)(A) two times the amount of economic damages; plus

(1)(B) an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or

(2) $200,000.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b)(1)–(2).

90. Meridian further asserts entitlement to and application of the mandates and limits in Texas Civil Practice & Remedies Code §§ 41.001–014 with regard to any award of exemplary/punitive damages in this case.

**Sixteenth Defense**
**Due Process and Equal Protection**

91. To the extent Plaintiffs seek punitive damages against Meridian, Meridian invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Meridian affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

92. To the extent Plaintiffs seek punitive damages, Meridian asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**C.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Meridian respectfully requests that Plaintiff take nothing from Meridian and that Meridian be awarded its reasonable and necessary attorneys' fees, costs, and expenses, and for such other further relief to which it may be entitled.

Respectfully submitted,

*/s/ Patrick M. Kemp*

Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney, Ltd.
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834 – Telephone
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney, Ltd.
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834 – Telephone
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF on this the 27th day of September, 2023 to:

Perry Dominguez
Naomi Lara
Perry Dominguez Law Firm, PLLC
2101 NW Military Hwy.
Castle Hills, Texas 78213
perry@pdattorney.com
naomi@pdattorney.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp